NEWSOM (JONES v.). See Case No. 7,484.
NEWSOME (PERRY v.). See Case No. 11,-009.

## Case No. 10,187.

### NEWSOM v. WELLS et al.

[5 McLean, 21.] [1]

Circuit Court, D. Ohio.  Oct. Term, 1849.

EXECUTORS AND ADMINISTRATORS—LAND SUBJECT
TO DECEDENT'S DEBTS—LAWS OF OHIO.

Lands, by the laws of Ohio, are subject to the payment of a deceased person's debts, and where such sale has been made, under an order from the proper court, by the administration, the court will not disturb the rights of innocent purchasers, after the lapse of thirty years.

In equity.

OPINION OF THE COURT. This case is submitted to the court on bill and answer. The complainants are children and devisees of Richard Newsom, deceased, of Steubenville, who died in 1809, having an equitable interest in Lot No. 4, in said town, the legal title being held in trust for him by Bazaleel Wells. His widow was appointed administratrix with the will annexed. On petition of the administratrix in the common pleas Newsom's interest was sold to pay debts, and an order made confirming the sale and directing Wells to convey to the purchasers, Carroll and Kells. This order was made in 1812. The lot has since been subdivided and sold to numerous purchasers who are made defendants. The bill is filed to set aside these proceedings, and declare the trust in favor of the complainant's devisees alleging their disability by reason of infancy and non-residence, until within twenty-one years before suit brought. The answer admits the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

original trust in Wells, Newsom's equitable estate, but sets up the order of sale to pay debts, denies the disabilities, and insists on the lapse of time and their character as bona fide purchasers, to protect their title against any irregularities in the proceedings. Their possession commenced in 1812. Bill filed September 9th, 1845, 33 years after the sale. That the court of common pleas had a general jurisdiction to subject lands of deceased persons to pay debts, is undoubted. Under such a proceeding the lot in controversy was ordered to be sold. No want of jurisdiction in the court, or irregularity in the proceeding, is averred in the bill. The devise of the ancestor, whether expressed in the will or not, did not withdraw the land from the rights of creditors. There seems to be no ground to set aside the proceedings in this case, more than 30 years ago, except that the heirs and devisees were infants. The bill must be dismissed.